UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUFANG WEI,<br><br>　　　　Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>　　　　Respondents. | No. 1:26-cv-01065-DJC-CKD<br><br><br>ORDER |

　　　　Petitioner filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE") or a bond hearing.  Neither party objected to the Court ruling on the merits of the petition.

　　　　Petitioner entered the country 2018 as a visitor for pleasure under the Visa Waiver Program ("VWP").  (Pet. ¶ 2; Opp'n (ECF No. 10) at 1–2.)  She appears to have remained in the United States after the expiration of the time permitted under the VWP.  On October 15, 2025, Petitioner was detained by ICE officials.  (Pet. ¶ 3.)  The following day, the Government issued a Final Administrative Removal Order.  (Opp'n, Ex. C.)  Petitioner sought asylum protections.  These were heard by an Immigration Judge who denied Petitioner's request for Asylum on February 4, 2026.  (Opp'n, Ex. E.)  Petitioner has appealed that determination.  (Pet. ¶ 37; Opp'n at 2.)

The Court's prior orders are largely dispositive on the issues raised in the Petition and Motion. *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025). For the reasons stated in those cases, the Court grants Petitioner's Petition. As Petitioner has been present in the United States since 2018, she is correct that he does not qualify as an "applicant for admission." *See Morillo*, 2025 WL 3707140, at *4. Thus, Petitioner is entitled to the procedures and rights afforded under 8 U.S.C. § 1226(a), most notably, a bond hearing.

Respondents concede that they do not believe that these cases cited above "are substantively distinguishable from the instant case." (Opp'n at 1.) Nevertheless, Respondents assert that Petitioner is subject to detention under 8 U.S.C § 1187(c)(2)(E) for the reasons stated in the *Matter of A.W.*, 25 I&N Dec. 45 (BIA 2009). (Opp'n at 2.) For years, courts across the country have rejected the view that section 1187(c)(2)(E) is not a statute that provides detention authority. *See Quispe v. Becerra*, No. 1:25-cv-02002-CSK, 2025 WL 3774570, at *4–5 (E.D. Cal. Dec. 31, 2025). Section 1187(c)(2)(E) states only the following:

> The government of the country accepts for repatriation any citizen, former citizen, or national of the country against whom a final executable order of removal is issued not later than three weeks after the issuance of the final order of removal. Nothing in this subparagraph creates any duty for the United States or any right for any alien with respect to removal or release. Nothing in this subparagraph gives rise to any cause of action or claim under this paragraph or any other law against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien.

8 U.S.C. § 1187(c)(2)(E). Nothing in that section provides DHS authority to arrest and detain someone who has overstayed the period permitted by the VWP. As numerous other courts have also found, this Court finds that 8 U.S.C. § 1187(c)(2)(E) does not

provide detention authority and that section 1226(a) must apply instead for the reasons stated in the Court's prior decisions cited earlier.

Respondents also note that an Immigration Judge has denied Petitioner's asylum petition. (Opp'n at 2.) But this determination has been appealed and that appeal is pending. Thus, these proceedings are not yet final and Petitioner is entitled to a bond hearing pursuant to section 1226(a).

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 2, for the reasons stated in those prior orders.[1]

Respondents are ORDERED to immediately release Petitioner Sufang Wei from their custody. Respondents shall not impose any additional restrictions on him/her/them, unless that is determined to be necessary at a future pre-deprivation/custody hearing. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated: **February 13, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.

3